UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN PAUL FRANK SCHOWACHERT,<br><br>Plaintiff,<br><br>v.<br><br>KELLY SORANO, TAPIA, WOODS, and DANZART<br><br>Defendants. | Case No. 1:21-cv-00975-HBK (PC)<br><br>ORDER TO SHOW CAUSE WHY COURT SHOULD NOT DISMISS COMPLAINT FOR FAILURE TO EXHAUST AND FINDING COMPLAINT FAILS TO STATE A CLAIM[1]<br><br>(Doc. No. 1)<br><br>SEPTEMBER 7, 2023, DEADLINE |

Pending before the Court for screening under 28 U.S.C. § 1915A is the pro se civil rights complaint filed under 42 U.S.C. § 1983 by John Paul Frank Schowachert—a prisoner. (Doc. No. 1, "Complaint"). Upon review, the Court finds the Complaint fails to state a federal claim. The Court affords Plaintiff the option to file an amended complaint or voluntarily dismiss his Complaint before recommending the district court dismiss this action.

**SCREENING REQUIREMENT**

A plaintiff who commences an action while in prison is subject to the Prison Litigation Reform Act ("PLRA"), which requires, *inter alia*, the court to screen a complaint that seeks relief against a governmental entity, its officers, or its employees before directing service upon any defendant. 28 U.S.C. § 1915A. This requires the court to identify any cognizable claims and

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2022).

dismiss the complaint, or any portion, if is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

At the screening stage, the court accepts the factual allegations in the complaint as true, construes the complaint liberally, and resolves all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003). A court does not have to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Critical to evaluating a constitutional claim is whether it has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989).

The Federal Rules of Civil Procedure require only that a complaint include "a short and plain statement of the claim showing the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Nonetheless, a claim must be facially plausible to survive screening. This requires sufficient factual detail to allow the court to reasonably infer that each named defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969. Although detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678 (citations omitted), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

The Rules permit a complaint to include all *related claims* against a party and permit joinder of all defendants alleged to be liable for the "same transaction, occurrence, or series of transactions or occurrences" where "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 18(a) and 20(a)(2) (emphasis added). But the Rules prohibit conglomeration of unrelated claims against unrelated defendants in a single lawsuit. A litigant must file unrelated claims in separate lawsuits.

If an otherwise deficient pleading can be remedied by alleging other facts, a *pro se* litigant is entitled to an opportunity to amend their complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc); *Lucas v. Department of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). However, it is not the role of the court to advise a *pro se* litigant on how to cure the defects. Such advice "would undermine district judges' role as impartial decisionmakers." *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d at 1131 n.13. Furthermore, the court in its discretion may deny leave to amend due to "undue delay, bad faith or dilatory motive of the part of the movant, [or] repeated failure to cure deficiencies by amendments previously allowed . . .." *Carvalho v. Equifax Info. Srvs., LLC*, 629 F.3d 876, 892 (9th Cir. 2010).

## SUMMARY OF THE COMPLAINT

The events giving rise to the Complaint occurred in Kern Valley State Prison ("KVSP") located in Delano, California. (Doc. No. 1 at 3). The Complaint identifies as Defendants: (1) Tapia, D4 floor officer; (2) Woods, Dentist; (3) Warden Kelly Sorano; and (4) Danzart, "Mack Rep Cops Enforcer." (*Id*. at 2). The Complaint is difficult to discern, and although only six pages in length it alleges an array of misconduct. (*Id*. at 1-6). The Complaint sets forth the following facts, which are presumed true at this stage of the proceedings.

As to Defendant Tapia, the Complaint alleges that on unspecified dates, Defendant Tapia withheld Plaintiff's mail, forced Plaintiff, who is an ADA qualified inmate, to use a cold shower that was not in compliance with the Americans with Disabilities Act, retaliated against Plaintiff for filing grievances by having Danzart beat him up, and subjected Plaintiff to unspecified sleep, sound, and smell "sensory torture techniques." (*Id*. at 3).

As to Defendant Warden Sorano, the Complaint alleges Sorano permitted her subordinates to house Plaintiff in a non-ADA compliant housing and "allowing her officers to torture ADA" inmates. (*Id*. at 4).

As to Defendant Woods, the Complaint alleges he caused "excessive damage" to Plaintiff's teeth by "excessive[ly] grinding" them at Defendant Tapia's request. (*Id*. at 5).

As relief Plaintiff seeks $1,400,000 in damages and injunctive relief in the form of the

1 return of different personnel property items.  (*Id*. at 6).

**APPLICABLE LAW AND ANAYSIS**

**A. Exhaustion**

At the outset, it appears Plaintiff initiated this action prior to fully exhausting his administrative remedies.  Plaintiff used the Court's civil rights complaint form, and, under the section discussing exhaustion of administrative remedies, when asked why Plaintiff did not appeal a request for administrative relief he states "[t]hey are left open so I cant [sic] push them forward cops tossed my originals."  (Doc. No. 1 at 4).

Under the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  Exhaustion is a condition precedent to filing a civil rights claim.  *Woodford v. Ngo*, 548 U.S. 81, 93 (2006); *see also McKinney v. Carey*, 311 F.3d 1198, 1200 (9th Cir. 2002) ("Congress could have written a statute making exhaustion a precondition to judgment, but it did not.  The actual statute makes exhaustion a precondition to suit."  (citation omitted)).  The exhaustion requirement "applies to all inmate suits about prison life." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).  Further, the nature of the relief sought by the prisoner or the relief offered by the prison's administrative process is of no consequence. *Booth v. Churner*, 532 U.S. 731, 741 (2001).

A prisoner need not plead or prove exhaustion.  Instead, it is an affirmative defense that must be proved by defendant.  *Jones v. Bock*, 549 U.S. 199, 211 (2007).  However, where exhaustion is apparent from the face of a complaint, the court is required to dismiss the complaint ad the dismissal constitutes a strike under the PLRA.  *El-Shaddai v. Zamora*, 833 F.3d 1036, 1043–44 (9th Cir. 2016).

The PLRA recognizes no exception to the exhaustion requirement, and the court may not recognize a new exception, even in "special circumstances." *Ross v. Blake*, 136 S. Ct. 1850, 1862 (2016).  The one significant qualifier is that "the remedies must indeed be 'available' to the prisoner." *Id.* at 1856.  Because it appears from the face of the Complaint that Plaintiff initiated

4

this action without first properly and fully his available administrative remedies, Plaintiff shall show cause why the Court should not dismiss this action under the PLRA.

### A. No Claims as to Defendant Danzart

Section 1983 allows a private citizen to sue for the deprivation of a right secured by federal law. *See* 42 U.S.C. § 1983; *Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 916 (2017). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Chudacoff v. Univ. Med. Ctr. of S. Nev.*, 649 F.3d 1143, 1149 (9th Cir. 2011) (citing *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003)); *Soo Park v. Thompson*, 851 F.3d 910, 921 (9th Cir. 2017). "The 'under color of law' requirement under § 1983 is the same as the Fourteenth Amendment's 'state action' requirement." *Chudacoff* at 1149 (citing *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 928 (1982)).

The Complaint alleges that Defendant Danzart is the "Mack Rep Cops Enforcer" and that he robbed and assaulted Plaintiff at Defendant Tapia's request. (Doc. No. 1 at 2-3). As pled, it appears that Defendant Danzart is an inmate, and, therefore he is not a state actor. If Plaintiff chooses to file an amended complaint, he needs to provide sufficient facts for the Court to infer whether Danzart is a state actor and how the alleged misconduct committed by Danzart was under the color of law. Without more, the Complaint fails to state any federal claim against Defendant Danzart.

### B. Related Claims and Joinder

The Rules permit a complaint to include all *related claims* against a party and permit joinder of all defendants alleged to be liable for the "same transaction, occurrence, or series of transactions or occurrences" where "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 18(a) and 20(a)(2) (emphasis added). But the Rules do not permit conglomeration of unrelated claims against unrelated defendants in a single lawsuit. Unrelated claims must be filed in separate lawsuits. *K'napp v. California Dept. of Corrections*, 2013 WL 5817765, at *2 (E.D. Cal., Oct. 29, 2013), *aff'd sub nom. K'napp v. California Dept. of Corrections & Rehabilitation*, 599 Fed. Appx. 791 (9th Cir. 2015) (alteration in original)

(citing *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)).

As an initial matter, the Complaint asserts multiple claims against different Defendants. Liberally construed the Complaint alleges claims of mail interference, excessive force, retaliation, and an Americans with Disabilities Act ("ADA") claim against Defendant Tapia; a medical deliberate indifference claim against Defendant Woods; supervisor liability claims against Defendant Sorano. The Complaint only contains bare and conclusory assertions that the alleged misconduct occurred but states no facts as to how each of these claims are related. These claims involve different Defendants and occur at unspecified time periods, and, without more, are improperly joined.

### C. Rule 8 Violations

The Federal Rules of Civil Procedure require only that the complaint contain "a short and plain statement of the claim showing the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). As already stated above, a claim must contain sufficient factual detail for the court to reasonably infer that each defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969. The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Id*. Conclusory and vague allegations are not adequate to support a cause of action. *Ivey*, 673 F.2d at 268 (9th Cir. 1982).

The Complaint contains only conclusory allegations without any specific dates or facts to support any of the alleged acts of misconduct. Plaintiff must include specific dates each Defendant allegedly violated Plaintiff's constitutional rights. *See Fisher v. Washington State Department of Corrections*, 2019 WL 1745086, at *1 (W.D. Wash. Apr. 18, 2019) (the complaint violated Rule 8 of the Federal Rules of Civil Procedure because, among other reasons, it did not provide a specific date and therefore it did not "provide the defendants fair notice of what the claim is . . ."); *Walker v. Muniz*, 2019 WL 2359229, at *4 (N.D. Cal. Jun. 4, 2019) (referencing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) when explaining the specific date must be alleged to meet the requirement of giving defendants fair notice). Without any specific date, the Complaint violates Rule 8 of the Federal Rules of Civil Procedure and fails to state any claim

against any Defendant. Further, Plaintiff must provide facts as to what each Defendant did or failed to do that violated his constitutional rights. Wholly conclusory statements are insufficient to state a claim. At a minimum, Plaintiff must state who acted or failed to act, on what date did the event of which he complains occurred, and how did the Defendant's actions or failure to act injure Plaintiff.

### D. Frivolous

Prisoners are prohibited from filing frivolous or malicious complaints. 42 U.S.C. § 1915(g). A frivolous clam is one that lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A filing is considered frivolous if it "is both baseless and made without a reasonable and competent inquiry." *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir. Sep. 6, 1990). A Court may dismiss claims that are frivolous or delusional. *Netizke*, 490 U.S. at 327-28; *Denton v. Hernandez*, 504 U.S. 25, 31-32 (1992).

The Complaint alleges Plaintiff was subjected to unspecified sleep, sound, and smell "sensory torture techniques" but does not plead any other facts about the alleged torture. (Doc. No. 1 at 3). Thus, as pled, Plaintiff's torture allegations appear baseless and fantastic. Plaintiff's torture allegations are similar to other claims courts within this Circuit have found to be frivolous. *See Vargas v. Gonzales*, 2021 WL 634949, at *4 (E.D. Cal. Feb. 18, 2021) (allegations that defendants used electronic equipment outside of the prison to torture plaintiff is frivolous); *Bell v. Bess*, 2009 WL 4668808, at *1-2 (D. Haw. Dec. 8, 2009) (allegations that unnamed prison officials are torturing the prisoner with electric shots to his body are delusional); *Williams v. Federal Bureau of Prison*, 2019 WL 2518444, *4-6 (D. Haw. Jun. 18, 2019) (allegations that "torture chemicals" are placed on food trays was delusional and frivolous). As pled, Plaintiff's torture claims are delusional and frivolous.

### OPTIONS

As an initial matter, the Court finds the Complaint facially shows Plaintiff initiated this action prior to fully and properly exhausting his available administrative remedies. The Court will afford Plaintiff an opportunity to show cause why the Court should not dismiss the Complaint for Plaintiff's failure to exhaust his administrative remedies.

  Alternatively, the Court finds the Complaint, as pled, fails to state any federal action. To continue the prosecution of this action, Plaintiff must take one of the following three options **no later than September 7, 2023**. **First Option**: Because the Court cannot determine that the filing of an amended complaint cannot cure the deficiencies identified above, the Court will afford Plaintiff an opportunity to file an amended complaint if he chooses. An amended complaint supersedes (replaces) the original complaint and, thus, the amended complaint must be free-standing and complete. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989). Plaintiff should use the Court's approved Prisoner Civil Rights Complaint Form to file his amended complaint and he must title it "First Amended Complaint." For each cause of action and each defendant, Plaintiff must allege facts sufficient to show that the defendant violated his civil rights. Plaintiff may not amend the complaint to add unrelated claims. **Second Option**: Plaintiff may file a Notice stating he intends to stand on his current complaint subject to the undersigned recommending the district court dismiss for the reasons stated in this Order. If the Court dismisses this case finding that the complaint fails to state claim, the dismissal will count as a strike under the PLRA.[2] **Third Option**: Because no defendant has yet been served, Plaintiff may file a Notice of Voluntary Dismissal without prejudice under Federal Rule of Civil Procedure 41(a)(1) which would preclude this action as counting a strike under the PLRA.

  Alternatively, if Plaintiff fails to timely respond to this Court Order, *i.e.*, fails to perform any of the three options, the undersigned will instead recommend that the district court dismiss this case as a sanction for Plaintiff's failure to comply with a court order and for failing to prosecute this action after its determination that the complaint failed to state a claim, which will count as strike under the PLRA. *See* Local Rule 110; Fed. R. Civ. P. 41(b).

  ////

---

[2] Under § 1915(g), prisoners who have repeatedly brought unsuccessful suits may be barred from bringing a civil action and paying the fee on a payment plan once they have had on prior occasions three or more cases dismissed as frivolous, malicious, or for failure to state a claim. *Lomax v. Ortiz-Marquez,* 140 S. Ct. 1721, 1723 (2020); *see also Andrews v. Cervantes*, 493 F.2d 1047, 1052 (9th Cir. 2007). Regardless of whether the dismissal was with or without prejudice, a dismissal for failure to state a claim qualifies as a strike under § 1915(g). *Lomax,* 140 S. Ct. at 1727.

Accordingly, it is **ORDERED:**

1. **No later than September 7, 2023,** Plaintiff shall show cause why the Court should not *sua sponte* dismiss this action for Plaintiff's failure to exhaust his administrative remedies prior to initiating this action.

2. **Alternatively, Plaintiff** must elect one of three aforementioned options and deliver to correctional for mailing: (a) a First Amended Complaint; (b); a Notice stating that he intends to stand on the Complaint as screened subject to the undersigned recommending the district court to dismiss the Complaint for the reasons stated in this Order;  or (c) a Notice stating he wishes to voluntarily dismiss this action without prejudice under Fed. R. Civ. P. 41 to avoid a strike.

3. If Plaintiff fails to timely comply with this Court Order or seek an extension of time to comply, the Court will recommend that the district court dismiss this action for Plaintiff's failure to comply with this Court Order and prosecute this action.

4. The Clerk of Court shall include a blank civil rights complaint form for Plaintiff's use as appropriate.

Dated:     August 3, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

9