UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN PAUL FRANK SCHOWACHERT,<br><br>Plaintiff,<br><br>v.<br><br>KELLY SORANO, TAPIA, WOODS, and DANZART,<br><br>Defendants. | Case No. 1:21-cv-00975-HBK (PC)<br><br>ORDER TO ASSIGN A DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION WITHOUT PREJUDICE FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES AND FOR FAILURE TO PROSECUTE[1]<br><br>FOURTEEN-DAY DEADLINE |

Plaintiff John Paul Frank Schowachert, a prisoner, is proceeding pro se and *in forma pauperis* in this civil rights action. For the reasons set forth below, the undersigned recommends the District Court dismiss this action for Plaintiff's failure to comply with a court order and prosecute this action.

**BACKGROUND**

Plaintiff John Paul Frank Schowachert, a prisoner, initiated this action on June 16, 2021, by filing a civil rights complaint under 42 U.S.C. § 1983 in the Sacramento Division of the Eastern District of California. (Doc. No. 1, "Complaint"). On June 21, 2021, this action was transferred to the Fresno Division of the Eastern District of California. (Doc. No. 5). On August

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Ca. 2022).

4, 2023, the undersigned issued an order to show cause directing Plaintiff to show cause why this action should not be dismissed for Plaintiff's failure to exhaust his administrative remedies prior to initiating the lawsuit. (Doc. No. 10, "Order to Show Cause"). In the same Order to Show Cause the undersigned noted other deficiencies in the Complaint including a failure to plead sufficient facts that Defendant Danzart was a state actor, violations of Federal Rules of Civil Procedure 8, 18(a), and 20(a)(2), and finding as frivolous Plaintiff's claims of torture. (*Id*.). Plaintiff was directed to file his response to the order to show cause no later than September 7, 2023. (*Id*. at 9 ¶ 1). The Court advised Plaintiff that he could alternatively file a notice of voluntary dismissal to avoid a strike. (*Id*. at ¶ 2). Finally, Plaintiff was advised that his failure to timely respond to the order would result in a recommendation that this case be dismissed for Plaintiff's failure to comply with a court order and prosecute this action. (*Id*. at ¶3). As of the date of these Findings and Recommendations, Plaintiff has not filed a response to the Order to Show Cause and the time to do so has lapsed.[2]

**APPLICABLE LAW AND ANALSYIS**

**A. Failure to Exhaust Administrative Remedies**

As noted in the Court's Order to Show Cause, Plaintiff acknowledges on the face of his Complaint that he did not complete the administrative process before filing the lawsuit. (Doc. No. 1 at 4). Plaintiff was directed to address the exhaustion issue by responding to the Court's Order to Show Cause and did not do so.

Courts may dismiss a claim if failure to exhaust is clear on the face of the complaint. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014). The Prison Litigation Reform Act of 1995 requires:

> No action shall be brought with respect to prison conditions under section 12983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as available are exhausted.

42 U.S.C. § 1997e(a); *see also Ross v. Blake*, 578 U.S. 632, 635 (2016). The availability of

---

[2] As of the date of these Findings and Recommendations, 11 days has lapsed since the September 7, 2023 deadline, thus allowing sufficient time for mailing.

administrative remedies must be assessed at the time the prisoner filed his action. *See Andres v. Marshall*, 867 F.3d 1076, 1079 (9th Cir. 2017); *see also Saddozai v. Davis*, 35 F.4th 705 (9th Cir. 2022) (noting a plaintiff could supplement or amend his or her complaint after he or she exhausts his administrative remedies).

The exhaustion procedures set forth by the California Department of Correction and Rehabilitation ("CDCR") requires an inmate to proceed through three formal levels of review unless otherwise excused under the regulation to exhaust available remedies. *See generally* Cal. Code Regs. tit. 15 § 3480-3486.3 (2020). Plaintiff admits on his Complaint form that he did not complete the grievance process for the claim at issue. (*See* Doc. No. 1 at 4). More specifically, in the section of the complaint form documenting the steps Plaintiff has taken to pursue his administrative remedies, Plaintiff indicates he has appealed his claim to the highest level. (*Id.*). However, when asked why he did not submit an appeal or request for administrative relief at any level, Plaintiff states "they are left open" acknowledging on the face of the Complaint that his administrative remedies are "left open" and not exhausted. (*Id.*). If a court concludes that a prisoner failed to exhaust his available administrative remedies before filing a civil rights action, the proper remedy is dismissal without prejudice. *See Jones v. Bock*, 549 U.S. 199, 223-24 (2007); *Lira v. Herrera*, 427 F.3d 1164, 1175-76 (9th Cir. 2005). Thus, based on the face of the complaint, this action should be dismissed without prejudice due to Plaintiff's failure to exhaust administrative remedies fully and properly before initiating this lawsuit. *See Albino*, 747 F.3d at 1166 (noting a court can also dismiss a case at screening "[i]n the rare event that a failure to exhaust is clear on the face of the complaint.").

**B. Failure to Prosecute and/or Comply with a Court Order**

Alternatively, Federal Rule of Civil Procedure 41(b) permits the court to involuntarily dismiss an action when a litigant fails to prosecute an action or fails to comply with other Rules or with a court order. *See* Fed. R. Civ. P. 41(b); *see Applied Underwriters v. Lichtenegger*, 913 F.3d 884, 889 (9th Cir. 2019) (citations omitted). Similarly, this Court's Local Rules, which correspond with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with … any order of the Court may be grounds for the imposition by the Court of any and

all sanctions … within the inherent power of the Court." E.D. Cal. L.R. 110.  "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action.  *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules.  *See, e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).  In determining whether to dismiss an action, the Court must consider the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.  *Henderson*, 779 F.2d at 1423; *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

After considering each of the above-stated factors, the undersigned concludes dismissal without prejudice is warranted in this case.  As to the first factor, the expeditious resolution of litigation is deemed to be in the public interest, satisfying the first factor.  *Yourish v. California Amplifier*, 191 F.3d 983, 990-91 (9th Cir. 1999).

Turning to the second factor, this Court's need to efficiently manage its docket cannot be overstated.  This Court has "one of the heaviest caseloads in the nation," and due to the delay in filling judicial vacancies, which was further exacerbated by the Covid-19 pandemic, operates under a declared judicial emergency.  *See* Amended Standing Order in Light of Ongoing Judicial Emergency in the Eastern District of California.  This Court's time is better spent on its other matters than needlessly consumed managing a case with a recalcitrant litigant.  The Court cannot effectively manage its docket when a litigant ceases to litigate his/her case or respond to a court order.  Thus, the Court finds that the second factor weighs in favor of dismissal.

Delays inevitably have the inherent risk that evidence will become stale or witnesses' memories will fade or be unavailable and can prejudice a defendant, thereby satisfying the third

factor. *See Sibron v. New York,* 392 U.S. 40, 57 (1968).  Thus, the third factor—risk of prejudice to defendant—weighs in favor of dismissal since a presumption of injury arises from the unreasonable delay in prosecuting an action. *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976).  Because Plaintiff's inaction amounts to an unreasonable delay in prosecuting this action, the third factor weighs in favor of dismissal.

The fourth factor usually weighs against dismissal because public policy favors the disposition of cases on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).  Indeed, "trial courts do not have time to waste on multiple failures by aspiring litigants to follow the rules and requirements of our courts." *Pagtalunan v. Galaza*, 291 F.3d 639, 644 (9th Cir. 2002) (Trott, J., concurring in affirmance of district court's involuntary dismissal with prejudice of habeas petition where petitioner failed to timely respond to court order and noting "the weight of the docket-managing factor depends upon the size and load of the docket, and those in the best position to know what that is are our beleaguered trial judges.").  Further, the Court's August 4, 2023 Order to Show Cause found the Complaint failed to state any cognizable claim.  (*See* Doc. No. 10).   Thus, this factor does not weigh in Plaintiff's favor.

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement.  *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424.  The Court's August 4, 2023 Order to Show Cause expressly warned Plaintiff that his failure to comply with the Court's order would result in the undersigned recommending the district court to dismiss this action for Plaintiff's failure to comply with a court order and prosecute this case.  (*See* Doc. No. 10 at 9 ¶ 3).  Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance.  And the instant dismissal is a dismissal *without* prejudice, which is a lesser sanction than a dismissal with prejudice, thereby addressing the fifth factor.

After considering the factors set forth *supra* and binding case law, the undersigned recommends dismissal, without prejudice, under Fed. R. Civ. P. 41(b) and Local Rule 110.

Accordingly, it is **ORDERED**:

The Clerk of the Court randomly assign this case to a District Judge.

It is further **RECOMMENDED**:

This case be DISMISSED without prejudice for Plaintiff's failure to exhaust his administrative remedies before initiating the instant action and/or this action be DISMISSED without prejudice for Plaintiff's failure to obey court orders and failure to prosecute.

## NOTICE

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  **Within 14 days of the date of service** of these Findings and Recommendations, a party may file written objections with the Court.  The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." A party's failure to file objections within the specified time may result in waiver of his rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:   September 18, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE